UNITED STATES HEATER COMPANY, Respondent, vs. JENSS, Appellant.

*March 26—April 17, 1906.*

*Sale: Guaranty of payment: "Rated capacity" of boiler: Burden of proof: Expert testimony: Court and jury.*

1. The term "rated capacity" of a boiler, as used in a contract relating to a heating plant, is *held*, upon the evidence, not to refer to the efficiency of the boiler to warm the building satisfactorily, but to refer merely to the theoretical capacity of the boiler according to the customary way of rating such articles by dealers to the trade.
2. In an action upon a contract by which defendant guaranteed payment for a heating plant sold by plaintiff to a third person, it being stated in the contract that plaintiff was not to be held responsible in connection with the installation except as to the rated capacity of the boiler, the burden was upon the defendant to show that the boiler did not have the rated capacity agreed upon.

3. The question as to the proper theoretical rating of a boiler was one within the field of expert inquiry; and evidence of confessedly nonexpert witnesses, whose method of measurement was, according to the undisputed credible expert testimony, wrong and entirely unlikely to show the proper rating of the boiler, was insufficient to carry the question to the jury as against expert testimony on the other side.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover on a guaranty.

Plaintiff sold a heating plant to Ed. LaLonde & Son, to be placed in a building belonging to the defendant, who in writing guaranteed payment therefor to the extent of $475, in this form:

*"United States Heater Company,* Chicago, Ill.:

"I hereby guaranty to you payment for the No. 626 Capital steam boiler, also radiators and other heating supplies to be placed in my building at Antigo, Wis., by Ed. LaLonde & Son, of Antigo, Wis., and in accepting this security it is understood you are in no way held responsible in connection with the installation of this system except as to the rated capacity of the boiler; payment for the same is to be made not later than sixty days after shipment, total amount of bills not to exceed $475.                         A. JENSS."

The action was on the guaranty, the complaint merely stating the fact of the sale of the heating plant to the La-Londes; that the defendant in writing secured the payment of the purchase price, not exceeding $475, promising, on the failure of the LaLondes for sixty days after the debt for the plant became due to pay therefor, to make such payment in their stead, not exceeding the sum named, and that default by them had been made for the said period of sixty days, and that the amount due for the plant was $459.66.

The defendant answered to this effect: Plaintiff agreed to sell the LaLondes a boiler and heating apparatus, to be installed in his house, which should be of sufficient capacity to properly warm the same at all seasons of the year. The

consideration for the guaranty was such agreement. The plant proved wholly insufficient to properly warm the house. It is not worth to exceed $200. If it were as agreed upon it would be of the value of $700. As soon as defendant, by test, discovered that the apparatus was insufficient as aforesaid, he refused to accept the same as satisfying the contract requirements. The same facts were pleaded as a counterclaim, with some special matters, closing with a prayer for judgment for $662.50. To the counterclaim a reply was duly made.

Evidence was offered on behalf of plaintiff establishing *prima facie* all allegations of the complaint not admitted by the answer, except that such matters as were only pleaded, if at all, inferentially, were made to appear in their true character by evidence. At the close of plaintiff's case a motion was duly made for a nonsuit, upon the ground that the evidence was insufficient to show any right of recovery.

Evidence was offered on behalf of the defendant, some being received and some rejected, to show that the contract between plaintiff and defendant's vendees, the LaLondes, was for a heating plant of the character stated in the answer. Evidence was also offered, but generally rejected, as to the other defensive matter, the court holding that the defendant was liable under the guaranty, contingent upon the rated capacity of the boiler being as represented, to wit, 1,000 square feet of heating surface; that the term "rated capacity" in the guaranty referred to that and not to the efficiency of the boiler as regards warming defendant's house.

There was evidence, further, to this effect: All heating boilers are rated on the basis of grate and boiler surface, exposure to heat, and hard coal for fuel. Plaintiff rated the boiler in question in the regular way, on that basis, at 1,000 feet. The boiler was sold upon its rated capacity, as usual, fitted up for hard coal as fuel. A witness who confessed inexperience in such matters, and want of knowledge of the

proper method of measuring a boiler for determining its rating, testified that the exposed surface to heat of the one in question was 76.81 square feet. In connection with that there was evidence that on such basis the proper rating of the boiler, with hard coal for fuel, would be 430 feet. In that connection there was undisputed expert evidence to the effect that the method of measuring the boiler, resulting as aforesaid, was so unreliable as not to furnish any proper basis whatever for determining the proper rating of the boiler.

At the close of the evidence the court, on motion, directed a verdict in plaintiff's favor for the amount claimed by plaintiff, with interest.

For the appellant there was a brief by *Foster & Morson,* and oral argument by *O. H. Foster.*

For the respondent there was a brief by *Finucane & Conway,* and oral argument by *A. C. Conway.*

MARSHALL, J. The case turns, first, on the meaning of the term "rated capacity" as used in the guaranty; second, on whether there was a breach of the agreement as to the "rated capacity" guaranteed.

The learned circuit court, it seems, decided rightly in holding that the term mentioned had no reference whatever to the subject matter of the defense, viz., the efficiency of the boiler, when set up with proper connections, to satisfactorily warm appellant's house. The evidence shows quite conclusively, as the words in themselves pretty clearly indicate, that such term refers merely to the theoretical capacity of the boiler according to the customary way of rating such articles by dealers, to the trade. We shall not take time and space to discuss the evidence in detail. It is all one way, to the effect that heating boilers, generally, are put upon the market by dealers as having each a stated capacity, the rating being based on the idea that a square foot of boiler and grate surface exposed to heat is convertible into a certain heating

surface of radiators and connections, the amount varying according to the kind of fuel used, hard coal being the standard.

So the verdict was properly directed for plaintiff, unless there was evidence to carry the question to the jury, of whether the boiler was in fact theoretically rated at 1,000 square feet of heating surface, as was supposed at the time the guaranty was made. As to that the burden was on defendant to prove the negative. He failed to produce any definite evidence in support thereof. There was evidence, as is indicated in the statement, that according to a method of measurement and computation applied and testified to, the appellant's rated capacity was too high. But since the evidence was given by confessedly nonexpert witnesses, the subject was clearly within the field of expert inquiry, and there was undisputed credible expert evidence that such method was wrong, and entirely unlikely to show, with any reasonable degree of accuracy, the proper rating of the boiler; there was no proof whatever at the time the verdict was directed, supporting the claim of the appellant. On the other hand, there was considerable evidence of an affirmative character that the boiler had a legitimate rating in harmony with that for which it was sold; not evidence based on measurement and computation, it is true, but on evidence of one familiar with boilers to the effect that the grate surface and size of the boiler indicated that the rating given to it by respondent was correct. There was no evidence upon which the jury could have found in favor of the appellant.

*By the Court.*—The judgment is affirmed.

CASSODAY, C. J., took no part.